Thomas Dickens, J.
Defendant, a civil service employee, moves to dismiss three indictments,'Nos. 3326/1965 (conspiracy and unlawful fees), 3328/1965 (perjury), and 3954/1966 (conspiracy and bribery), — all arising out of the same state of facts — upon the ground that the finding and filing of these indictments are invalid because they are in violation of his constitutional rights under the guarantee provided by the Fourth, the Fifth, and the Fourteenth Amendment of the Constitution of the United States.
The charge of invalidity stems from the fact that the law of this State (N. Y. Const., art. I, § 6; New York City Charter, § 1123), compels a public officer, or a public employee of lower rank, to testify under a waiver in a criminal investigation in which either a public officer or a lesser employee is or may be implicated, or else to forfeit his position. Consequently, because defendant was made to testify under these circumstances before the Grand Jury, he now in effect maintains that his constitutional right of being protected from self incrimination was wholly abused and violated to his detriment.
Prior to this motion, defendant had, on two occasions, demurred to the indictments. The demurrers were denied by Associate Judges of this court (48 Misc 2d 85). The decisions overruling these demurrers, axe, as of the present, the law of the case. This effect of those decisions is conceded by defendant in his brief.
In the meantime, the Supreme Court of the United States subsequently decided the case of Garrity v. New Jersey (385 U. S. 493), in which it is held that an employee of the State or city is not required to waive immunity and to testify before a Grand Jury when the stewardship of his public position is involved.
The Garrity case {supra), when considered in the light of the case of Johnson v. New Jersey (384 U. S. 719), which had determined the question of the time element regarding similar con *732 stitutional rights in cases already passed upon, must, in my opinion, be held to be prospective and not retroactive in principle ; therefore, the Garrity case as an authority does not apply to the instant case. The motion is, in view of the foregoing, denied.